UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.

| | |
|---|---|
| JESUS SANABRIA, and other similarly situated individuals, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| HEALTH CARRIERS ALLIANCE LLC; NATIONAL HEALTH HUB LLC; US AFFORDABLE HEALTH SOLUTIONS LLC; VERTIGEN L.L.C.; DIRECT HEALTH SOLUTIONS INC; SAMUEL A. LLANES and RICHARD H. LEFF, | ) ) ) ) ) ) ) |
| Defendants. | |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff JESUS SANABRIA ("Plaintiff") and other similarly situated individuals sue the

Defendants, HEALTH CARRIERS ALLIANCE LLC; NATIONAL HEALTH HUB LLC; US

AFFORDABLE HEALTH SOLUTIONS LLC; VERTIGEN L.L.C.; DIRECT HEALTH

SOLUTIONS INC ("Corporate Defendants") and SAMUEL A. LLANES and RICHARD H.

LEFF ("Individual Defendants") (collectively, the "Defendants"), and allege:

### JURISDICTION

1.      This is an action to recover money damages for unpaid overtime and straight

wages under the laws of the United States. This is also an action for unpaid wages under Florida

common law and for attorney's fees thereon pursuant to Florida Statutes, § 448.08.

2.      This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §

201-219 (Section 216 for jurisdictional placement) ("the Act").

3.     The Court has supplemental jurisdiction over the state law unpaid wages claims brought under Chapter 448, Florida Statutes. The facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

## VENUE

4.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

5.     Defendant HEALTH CARRIERS ALLIANCE LLC is a Florida Limited Liability Company, having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6.     Defendant NATIONAL HEALTH HUB LLC is a Florida Limited Liability Company, having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

7.     Defendant US AFFORDABLE HEALTH SOLUTIONS LLC is a Florida Limited Liability Company, having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

8.     Defendant VERTIGEN L.L.C. is a Florida Limited Liability Company, having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

9.     Defendant DIRECT HEALTH SOLUTIONS INC is a Florida Corporation, having its main place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

10.     The Corporate Defendants are enterprises owned and controlled by SAMUEL A. LLANES and RICHARD H. LEFF.

11.     The Corporate Defendants are under the administration and common control of SAMUEL A. LLANES and RICHARD H. LEFF.

12.     The Corporate Defendants are entities engaged in related activities, which perform through a unified operation, with a common ownership, with a common business purpose, under the common control and administration of SAMUEL A. LLANES and RICHARD H. LEFF.

13.     The Corporate Defendants share offices and employees.

14.     The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The Corporate Defendants are an integrated enterprise.  Alternatively, each company is a covered enterprise under the Act.

15.     The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers.  Alternatively, each company is a covered enterprise under the Act.

16.     Defendant SAMUEL A. LLANES is an agent of the Corporate Defendants and is an Employer under the Act and the laws of the State of Florida.

17.     Defendant RICHARD H. LEEF is an agent of the Corporate Defendants and is an Employer under the Act and the laws of the State of Florida.

## COUNT I: WAGE AND HOUR VIOLATION UNDER THE FLSA

18.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19.     This action is brought by Plaintiff to recover from the Defendants unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20.     29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." 29 U.S.C. § 206 (a) (1). On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21.     The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4. In Florida, the minimum wage in 2015 the minimum wage was $8.05 per hour.

22.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state

lines of other states, and the Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do their business, transmitted funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

23.     By reason of the foregoing, the Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was engaged in interstate commerce for the Defendants. The Defendants' business activities involve those to which the Act applies. The Defendants are providers of health care insurance services and, through their business activities, affect interstate commerce. The Plaintiff's work for the Defendants likewise affected interstate commerce. Plaintiff was employed by the Defendants as an insurance sales person for the Defendants' business.

24.     While employed by the Defendants, Plaintiff worked approximately an average of 60 (sixty) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as an insurance sales person, performing the same or similar duties as that of those other similarly situated employees whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

25.     Plaintiff worked for the Defendants from December 1, 2015, to December 7, 2015, when his employment was terminated by the Defendants.

26.     The Plaintiff's salary while employed by Defendants was $500.00 per week.

27.     However, not only did Defendants not properly compensate Plaintiff for hours that he worked in excess of 40 per week, Plaintiff has received no compensation for the time that he worked for Defendants. Plaintiff seeks to recover unpaid minimum and overtime wages accumulated from the date of hire to the date of the filing of this Complaint.

28.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid minimum and overtime wages is as follows:

  a.  MINIMUM WAGE: $8.05 (applicable minimum wage rate) - $0.00 (amount actually paid) = $8.05 (difference between what Plaintiff was paid per hour and the minimum amount could have been paid pursuant to the minimum wage provisions). Thus, $8.05 x 60 (hours worked per week) = $483.00

  b.  OVERTIME: $500/40 = $12.50 (hourly rate) x .5 (overtime rate) x 20 (approximate overtime hours) = $125.00.

  c.  TOTAL DAMAGES: $483.00 + $125.00 x 2 (liquidated damages) = $1,216.00, plus reasonable attorneys' fees and costs of suit.

29.     At all times material hereto, the Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and others similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half

for all hours worked in excess of forty hours (40) per workweek as provided in the Act, nor was the Plaintiff paid at least the minimum wage.

30.     The Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages since the commencement of Plaintiff's employment with the Defendants as set forth above, and Plaintiff is entitled to recover double damages.

31.     The Defendants willfully and intentionally refused to pay Plaintiff the minimum wage and overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with the Defendants as set forth above.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, JESUS SANABRIA, respectfully requests this Court grant the following relief:

A.  Enter judgment for Plaintiff against the Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

**COUNT II: UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES**

32.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

33.   Plaintiff was employed by Defendants for the time period from approximately December 1, 2015, through December 7, 2015, when his employment was terminated by the Defendants.

34.   Plaintiff was employed by Defendants as an insurance sales person, and fully performed his duties as directed. All the hours worked by Plaintiff were worked within the State of Florida.

35.   From December 1, 2015, through approximately December 7, 2015, Plaintiff worked approximately 60 hours per week at a salary of $500.00 per week.  Plaintiff has received no compensation for the time that worked for Defendants.

36.   Defendants failed to pay Plaintiff his wages in the amount of $500.00

37.   Defendants owe Plaintiff wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should the Plaintiff prevail on this claim.

38.   Plaintiff has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff, JESUS SANABRIA, respectfully requests this Court grant the following relief:

A.  Back pay in the form of lost wages, including lost benefits, plus interest;

B.  Costs of this action, together with reasonable attorneys' fees;

C.  Post-judgment interest; and

D.  Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.


Dated: January 12, 2016.


Respectfully submitted,

By:___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Brandon Gibson, Esquire
Fla. Bar No.: 99411
Email: bgibson@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549